STATE OF NORTH CAROLINA v. RONALD SYLVESTER BYRD

No. 7427SC223

(Filed 5 June 1974)

**Criminal Law §§ 79, 83— breaking and entering — evidence of wife's plea of guilty**

In a prosecution for breaking and entering and larceny of a television set wherein defendant's witness testified that defendant and his wife were at a club at the time two State's witnesses placed them elsewhere on the night of the crimes in possession of the stolen television set, the trial court erred in permitting the State to introduce evidence that defendant's wife, who did not testify, had pled guilty to the breaking and entering for which defendant was on trial since (1) such evidence violated the rule that one spouse is not competent to testify against the other, G.S. 8-57, and (2) evidence of a coparticipant's earlier plea of guilty may not be used as evidence against another where the coparticipant does not testify at the trial of the other; such error was not cured by the court's instruction that the jury should consider the evidence only for the purpose of impeachment of defendant's witness.

APPEAL by defendant from *Friday, Judge,* 27 August 1973 Session of Superior Court held in GASTON County.

Defendant was indicted in three separate bills for rape, larceny of a television set and breaking and entering. The charges were consolidated for trial.

The evidence for the State tended to show the following. Between late on the night of 3 March and 6:00 a.m. on 4 March 1973, someone broke into the apartment of one Crawford and took a portable televison set. Defendant had joked about stealing the television and knew that on the night of the theft neither Crawford nor his wife would be at home.

Ruby Cooke purchased a television set identified as Crawford's from defendant late in the afternoon of 4 March 1973

State v. Byrd

for $60.00 after defendant told her he was moving and wanted to sell the set. Defendant gave Cooke a signed "receipt" in exchange for her $60.00, although the receipt did not refer to a television but instead indicated a loan from Cooke to defendant.

Kathy Benton and Ronald Zelrick were walking in downtown Gastonia about midnight on 3 March when they were approached by defendant and his wife. The four continued walking together until they came to a parked truck. Defendant showed Benton and Zelrick a portable television set which was in the truck. Defendant had his wife call a cab to deliver the television to an apartment. After defendant's wife left in the cab, defendant asked Zelrick if he and Benton wanted to smoke some "pot." Zelrick assented, and the trio went behind a building which had an elevated, partially enclosed back porch. There were mattresses under the porch. After the trio sat down on the mattresses, defendant placed a knife at Benton's throat and forced her to have sexual intercourse with him. Zelrick, present during the act, did not attempt to deter defendant because defendant had threatened to kill Benton.

Defendant offered the testimony of Johnny McClinton to the effect that defendant and his wife were at a club from approximately 11:30 p.m. until after 1:30 a.m. on the night of 3 March and the morning of 4 March 1973 respectively. McClinton's testimony placed defendant and his wife at a club at the time the State's evidence tended to show the alleged rape took place and at the time Benton and Zelrick saw defendant and his wife with the television set.

After McClinton testified, the State was permitted to reopen its case and show that defendant's wife pled guilty to breaking and entering Crawford's premises on 4 March 1973. She was also charged with the larceny of Crawford's television set but did not plead to that charge. The deputy clerk of court testified as to these facts over defendant's objection, and the warrant, shuck and judgment relating to the wife's case were introduced into evidence. Defendant's wife was not called as a witness. The court instructed the jury that the warrant, shuck and judgment could only be considered on the issue of McClinton's credibility.

Defendant was found not guilty of rape. He was convicted of felonious breaking and entering and larceny. Active prison sentences were imposed.

State v. Byrd

*Attorney General Robert Morgan by Walter E. Ricks III, Assistant Attorney General, for the State.*

*Atkins & Layton, P. A. by Nicholas Street for defendant appellant.*

VAUGHN, Judge.

Error was committed when the State was allowed to offer evidence that defendant's wife, who did not testify, had pled guilty to the breaking and entering and thus admitted her participation in a crime which, according to the State's evidence, was committed by defendant and his wife.

With certain exceptions to the rule at common law which are set out in G.S. 8-57 and not material here, one spouse is neither competent nor compellable to give evidence against the other in criminal proceedings. Defendant's evidence was that he and his wife were together at a club during the time that two of the State's witnesses testified defendant and his wife were elsewhere, together and in possession of the stolen television set. The wife's admission by plea did not, of course, expressly incriminate defendant, but it certainly was evidence against him for it went to the heart of his defense.

There is another reason why the evidence should not have been admitted. Defendant and his wife were alleged to be coparticipants in the crime. Evidence of a coparticipant's earlier plea of guilty may not be used as evidence against another where the coparticipant does not testify at the trial of the other. Among other things, it deprives the defendant being tried of his right of confrontation and cross-examination.

The court's instruction that the jury should consider the evidence for the sole purpose of impeaching the credibility of defendant's witness, McClinton, and for no other purpose was inconsequential. The material challenged fact was whether defendant and his wife were at the club, as McClinton swore, or elsewhere and in possession of the stolen property, as the wife's plea of guilty tacitly admitted. The contradictory evidence from the wife was just as much substantive proof as McClinton's testimony which was under attack. If admissible at all, and it was not, the evidence would have been competent and material as substantive evidence. The evidence tended to impeach only in the sense that all evidence which tends to show a material fact

to be other than as testified to by a witness impeaches that witness.

We do not ignore the substantial amount of persuasive evidence of defendant's guilt, properly admitted. We do not necessarily suggest that the jury placed any credence in defendant's evidence that he and his wife were elsewhere when two of the State's witnesses placed them in possession of the stolen property. We cannot, however, in the light of the recent opinion of the North Carolina Supreme Court in *State v. Castor*, No. 68, filed 15 May 1974, say that there is no reasonable possibility that the evidence complained of contributed to the conviction.

For the reasons stated there must be a new trial.

New trial.

Judges CAMPBELL and MORRIS concur.